UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN RUSOFF, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>THE HAPPY GROUP, INC.,<br><br>    Defendant. | Case No. 21-cv-08084-AMO<br><br>**ORDER RE OBJECTIONS TO NEW EVIDENCE AND REQUEST FOR LEAVE TO FILE SUR-REPLY; VACATING HEARING ON MOTION FOR CLASS CERTIFICATION**<br><br>Re: Dkt. No. 81 |

On July 28, 2023, The Happy Group filed "Objections to New Evidence and Request for Leave to File Sur-Reply." ECF No. 81. In the filing, The Happy Group objects to new evidence submitted for the first time with Rusoff's reply in support his motion for class certification,[1] moves to strike the evidence pursuant to Fed. R. Civ. P. 37(c), or alternatively, seeks leave to file a sur-reply. *Id.* The proposed four-page sur-reply is attached to The Happy Group's filing, together with a five-page "Response to new material by Joy Mench, D. Phil" and 271 pages of exhibits. ECF 81-1, 81-2.

On July 31, 2023, Rusoff filed a response to The Happy Group's filing. ECF 82. Rusoff argues, among other things, that the documents in dispute are publicly available, and that there is no obligation to produce publicly-available documents that are equally available to the opposing party. ECF 82 at 2. Rusoff also points out that The Happy Group's request to strike was not filed as a properly-noticed motion pursuant to Fed. R. Civ. P. 37. *Id.* at 2 n.1.

Other than the objections to reply evidence, the parties' filings are not properly before the

---

[1] The Happy Group claims that Rusoff produced the documents "literally minutes before filing the[] reply." ECF 81 at 2.

Court. With the exception of a statement of recent decision or an objection to reply evidence, "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval[.]" Civil L.R. 7-3(d). "[A] motion brought under [Local] Rule 7-11 is an appropriate vehicle for seeking" such approval. *Michael Taylor Designs, Inc. v. Travelers Prop. Cas. Co. of Am.*, 761 F. Supp. 2d 904, 909 (N.D. Cal. 2011), *aff'd*, 495 F. App'x 830 (9th Cir. 2012).

Neither party has filed an administrative motion seeking leave of Court. For that reason, the Court has not considered the substance of the parties' non-compliant filings beyond what is necessary to provide the guidance set forth in this Order. To the extent The Happy Group seeks relief under Fed. R. Civ. P. 37(c), it shall file a properly-noticed motion in compliance with Civil Local Rule 7-2. Rusoff may respond to that motion in accordance with Civil Local Rule 7-3.

Prior to filing the motion, the parties must meet and confer in accordance with the District Guidelines for Professional Conduct. As relevant here, the Guidelines provide: "Motions should be filed or opposed only in good faith and when the issue cannot be otherwise resolved." Guidelines for Prof'l Conduct ¶ 10. If, after meeting and conferring in good faith, the parties reach a resolution, such as permitting the filing of the proposed sur-reply and the filing of a response thereto, they may submit a stipulation and proposed order for the Court's consideration.

The hearing on the motion for class certification, currently set for August 31, 2023, is vacated pending receipt of the parties' forthcoming filings.

**IT IS SO ORDERED.**

Dated:  August 25, 2023

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

2